**SO ORDERED.**

**SIGNED this 17th day of January, 2018.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
In re:                         )
                               )
Charles Ross Young,            )    Case No. 16-10434
Shearon Blake Young,           )
                               )
             Debtors.          )
_____)
                               )
James C. Lanik, Trustee,       )
                               )
             Plaintiff,        )
                               )
v.                             )    Adversary No. 16-02034
                               )
Charles Ross Young,            )
Shearon Blake Young,           )
Donald E. Blake, and           )
Matthew Donald Blake           )
                               )
             Defendants.       )
_____)
```

### MEMORANDUM OPINION DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Motion for Summary Judgment, [Doc. 23] ("Motion for Summary Judgment"), filed by the Chapter 7 Trustee ("Plaintiff") on December 14, 2017. Along with the Motion for Summary Judgment, Plaintiff filed a Brief in

1

Support of Trustee's Motion for Summary Judgment [Doc. 23-2] ("Plaintiff's Brief"). Due and proper notice of the Motion for Summary Judgment has been given, and no defendant, including Charles Ross Young, Shearon Blake Young, Donald E. Blake, and Matthew Donald Blake ("Defendants"), filed a timely response under Local Rule 7056-1(c).[1] As a result, pursuant to Local Rule 7056-1(c), all of the facts set forth in the Motion for Summary Judgment and Plaintiff's Brief are deemed admitted for the purposes of the Motion for Summary Judgment.[2] Nevertheless, the record demonstrates a dispute as to material fact that prohibits summary judgment. Therefore, the Plaintiff's Motion for Summary Judgment will be denied.

## I.   Jurisdiction and Authority

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. Under 11 U.S.C. § 157(a), the United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court by its Local Rule 83.11. This is a core proceeding

---

[1] Under Local Rule 7056-1(b), Defendants had through and including January 4, 2018, to file a response and brief or memorandum of law in opposition to the motion. On January 16, 2018, Defendants filed a motion to extend the time within which they could respond to the motion. Contemporaneously herewith, the Court has entered an order denying the motion to extend time.

[2] The facts set forth in Plaintiff's Brief are deemed admitted solely for purposes of the motion for summary judgment under Local Rule 7056-1(c). Nothing herein shall be construed as the Court granting partial summary judgment. At trial, the Trustee shall carry the burden of proof on all elements of his claims as set forth in the Complaint.

pursuant to 28 U.S.C. § 157(b)(2)(H), in which this Court has statutory authority to enter final judgments. To the extent necessary, if any, the parties have consented to this Court entering final judgments on all matters, <u>see</u> Joint Scheduling Memorandum [Doc. 16, ¶ D], and the Court therefore has constitutional authority to enter final judgment in this adversary proceeding. <u>Wellness Intern. Network, Ltd. V. Sharif</u>, --- U.S. ---, 135 S. Ct. 1932, 1947 (2015).

## II. Facts

In 1992, defendant Shearon Blake Young, a co-debtor in the underlying bankruptcy case, and her brother, defendant Donald E. Blake, became record title owners of 5100 Groometown Road in Guilford County, NC ("Groometown Property"). Plaintiff's Brief, pp. 2-3, ¶¶ 2, 9. On December 17, 2014, Shearon, with her husband Charles Ross Young ("Youngs") and her brother, conveyed the Groometown Property to Donald E. Blake and his son, Matthew Donald Blake, by deed ("Groometown Deed"), which was recorded the following day. <u>Id.</u> at ¶ 5. The Groometown Deed lists $20.00 as paid tax stamps in connection with the Groometown Property conveyance. <u>Id.</u> at 6; <u>see also</u> Complaint [Doc. 1-2, p. 1]. The Youngs were insolvent at the time of the transfer or as a result thereof. Plaintiff's Brief at ¶ 10. Less than two years later, on May 2, 2016, the Youngs filed a joint voluntary petition. <u>Id.</u> at ¶ 11. Prior to the conveyance, Shearon Blake

3

Young was record title owner of an undivided, one-half interest in the Groometown Property.  Id. at ¶ 9.  According to the unverified Answer of the Defendants, the Guilford County tax value of the entire Groometown Property is $80,000.  Answer of Defendants Charles Ross Young and Shearon Blake Young [Doc. 14, p. 2, ¶ 17] ("Defendants' Answer").  Nevertheless, even if the Court were to accept this value as part of the record for summary judgment, the Trustee has not presented any evidence on the record that tends to establish the value of the interest in the property that was transferred.

The Trustee also has failed to establish the amount, if any, paid for the transferred property.  The only evidence on the record of any amount paid for the Groometown Property is the twenty dollars in tax stamps paid for the recording of the Groometown Deed.  Pursuant to North Carolina General Statute Section 105-228.30, a tax stamp payment of twenty dollars represents a real property transfer with a consideration of $10,000.  Id., p. 9; see also N.C. Gen. Stat. § 105-228.30(a) (describing a "tax rate [of] one dollar . . . on each five hundred dollars . . . of . . . value of the interest conveyed").  Despite the tax stamps, the Youngs deny that $10,000 was paid in connection with the Groometown Deed executed in 2014.[3]

---

[3] The Trustee asks the Court to infer from this denial that nothing was paid for the property in 2014.  The denial merely denies that $10,000 was paid. It does not deny that any other amount was paid.  There is no evidence

Defendants' Responses to Trustee's First Request for Admissions, Interrogatories, and Requests for Production of Documents [Doc. 23-1, p. 15] ("Defendants' Responses").   In their unverified responses to interrogatories, the Youngs contend that Donald E. Blake paid Shearon Blake Young $50,000 for her undivided, one-half interest in the Groometown Property in 2005.  Defendants' Responses, p. 16.  However, the Youngs' unverified responses do not qualify as evidence for purposes of summary judgment.  In re Garcia, 11 B.R. 10, 12 (Bankr. D. Ariz. 1981) (finding written interrogatories unsigned by the witness and not answered under oath inadmissible); Consul, Ltd. v. Transco Energy Co., 596 F. Supp. 432, 437 (M.D.N.C. 1984) (citing Broadway v. City of Montgomery, Alabama, 530 F.2d 657, 661 (5th Cir. 1976) ("Inadmissible evidence cannot defeat a motion for summary judgment.").  Although this denial cannot be used to defeat summary judgment, it partially illustrates the fallacy of the Trustee's requested inference that nothing was paid for the transfer, rather than just a denial that $10,000 was the amount paid.

### III. Discussion

The Trustee's Motion for Summary Judgment seeks avoidance of the Groometown Property conveyance as a constructively

---

supporting this inference and the Court must draw all inferences in favor of the non-movant at this stage.

fraudulent transfer under 11 U.S.C. § 548(a)(1)(B). Specifically, the Trustee alleges that Defendants have failed "to raise a genuine issue of material fact for trial." Plaintiff's Brief, p. 10.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. Where a party asserts an absence of a genuine dispute as to any material fact, the party must cite materials,

> including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[,] showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A dispute is genuine only if, on the entirety of the record, a reasonable jury could resolve a factual matter in favor of the non-movant." Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed. Cir. 1987). Finally, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [not appropriate] on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and

6

all justifiable inferences are to be drawn in his favor."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

**A.    Groometown Transfer**

Section 548 authorizes a trustee to avoid

> any transfer . . . of an interest of the debtor in
> property . . . that was made . . . within 2 years
> before the date of the filing of the petition, if the
> debtor voluntarily or involuntarily-- . . . (B)(i)
> received less than a reasonably equivalent value in
> exchange for such transfer or obligation; and (ii)(I)
> was insolvent on the date that such transfer was made
> . . . or became insolvent as a result of such transfer
> or obligation[.]

11 U.S.C. § 548(a)(1)(B).  Therefore, for a motion seeking to

avoid a transfer as fraudulent,

> . . . a trustee must establish that (1) the debtor had
> an interest in the property transferred; (2) the
> interest was transferred within two years of the
> filing of the bankruptcy petition . . . ; (3) the
> debtor was insolvent at the time of the transfer or
> became insolvent as a result thereof; and (4) the
> debtor received less than a reasonably equivalent
> value in exchange for such transfer.

In re Whitley, No. 10-10426, 2012 WL 170135, at *6 (Bankr.

M.D.N.C. Jan. 19, 2012).

In this case, the first three elements are not in dispute

for purposes of summary judgment.  Shearon Blake Young was a

record title owner of an undivided, one-half interest in the

Groometown Property at the time of the transfer, Plaintiff's

Brief, p. 16; the Groometown Deed transferring her interest was

recorded less than two years from when the Youngs filed for

bankruptcy, Defendants' Answer, p. 3, ¶ 26; and the Youngs admitted to being insolvent at the time of the transfer or as a result of the transfer, Id. at ¶ 25.

At issue is whether the Youngs received less than a reasonably equivalent value for the undivided, one-half interest in the Groometown Property.

> The Bankruptcy Code does not define "reasonably equivalent value." In the absence of a statutory definition, the courts have divided the inquiry regarding reasonably equivalent value into a two-step process in which it is first determined whether the debtor received *any* value in the transaction. Secondly, if some value was received, it is then determined whether such value was "reasonably equivalent" to the property transferred by the debtor or the obligation incurred by the debtor. See 5 Collier on Bankruptcy ¶ 548.05[2][a] 16th ed. rev. 2012).

In re PTM Techs., Inc., No. 10-50980, 2012 WL 5337285, at *2 (Bankr. M.D.N.C. Oct. 29, 2012) (emphasis in original).

The record before the Court is insufficient to draw any conclusion on either of the prongs of this inquiry. Although "reasonable equivalence is not wholly synonymous with market value, . . . market value is an extremely important factor to be used in the Court's assessment of reasonable equivalence." In re Morris Commc'ns NC, Inc., 914 F.2d 458, 466 (4th Cir. 1990). Importantly, "[i]n the Court's experience, tax values may or may not reflect the current fair market value of a given property; at best, they are some indication of value and do not have high

probative value." <u>In re Deep River Warehouse, Inc.</u>, No. 04-52749, 2005 WL 1287987, at *9 (Bankr. M.D.N.C. Mar. 14, 2005).

Even if the Court were to assume for purposes of summary judgment that the Youngs received $10,000 in consideration for the conveyance of an undivided, one-half interest in the Groometown property as indicated by the tax stamps, the Trustee has not provided any evidence in the record for the Court to determine whether $10,000 is reasonably equivalent to the value of Debtor's undivided, one-half interest.[4]  The $80,000 Guilford Tax value provides some indication of the value of the entire property, but is neither highly probative on the issue of market value, nor conclusive of the value of a one-half, undivided interest in the property.  As the Court must draw all inferences in favor of the non-moving party at this stage, summary judgment is inappropriate and will be denied.

**B.   Preferential Transfer**

In a footnote in his brief, the Trustee states the following:

> Trustee submits that **IF** $50,000 was received by the Debtors in 2004 in consideration for Shearon Blake Young's one-half, undivided fee simple interest in the [Groometown] Property, such would constitute a reasonably equivalent value.  However, in that

---

[4] The unverified responses of the Youngs to the Trustee's First Request for Admissions, Interrogatories, and Requests for Production of Documents are insufficient.  <u>In re Garcia</u>, 11 B.R. 10, 12 (Bankr. D. Ariz. 1981) (finding written interrogatories unsigned by the witness and not answered under oath inadmissible).

circumstance, the execution and conveyance of the [Groometown] Deed would constitute a preferential transfer in violation of 11 U.S.C. § 547. The Trustee's deadline to commence a preference action has not expired.

Plaintiff's Brief, p. 8, n.2.

The Complaint lists four potential causes of action, none of which include a claim seeking to avoid an allegedly preferential transfer under 11 U.S.C. § 547. Complaint [Doc. 1] ("Complaint"). The deadline under the Court's scheduling memorandum for seeking to amend the Complaint has passed. See Scheduling Order [Doc. 17], ¶ 2.(1). There is currently no pending motion to amend the Complaint before the Court, nor a request to alter or amend the Scheduling Order.

### IV.  Conclusion

For the reasons set forth above, the Court will enter an order contemporaneously with this memorandum opinion denying the Motion for Summary Judgment.

[End of Document]

## Parties to be Served

**Charles Ross Young**
5047 Woodrun on Tillery
Mount Gilead, NC 27306

**Shearon Blake Young**
5047 Woodrun on Tillery
Mount Gilead, NC 27306

**James C. Lanik**
P.O. Box 1550
High Point, NC 27261

**Andrew Dale Irby**
Roberson, Haworth & Reese, PLLC
300 N. Main St., Ste. 300
High Point, NC 27260

**Jennifer Adams Ledford**
Higgins Benjamin PLLC
301 N. Elm St.
Ste. 800
P.O. Box 20570
Greensboro, NC 27420

**William P. Miller**
Bankruptcy Administrator
101 S. Edgeworth St.
Greensboro, NC 27401